UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRTLAND SPEAKS, D.C.                                          CIVIL ACTION

versus                                                         NO. 04-1952

MARK B. KRUSE, ET AL                                           SECTION: "E"(3)

ORDER AND REASONS

Plaintiff filed this motion for an award of attorney's fees pursuant to 42 U.S.C. 1988. R.d. #42. The defendants filed a traversal to the motion. The motion was considered on the briefs, and the Court is now prepared to rule.

BACKGROUND

Plaintiff Kirtland Speaks, D.C. ("Dr. Speaks") sought a preliminary injunction in the district court to prohibit the application and enforcement of Louisiana Revised Statutes 37:1743 and Title 46 Part 27, §307(H) of the Louisiana Administrative Code ("LAC"). These provisions prohibited Dr. Speaks, and/or anyone acting for and on his behalf, from soliciting by telephone prospective patients who may be in need of chiropractic treatment, including specifically persons who have recently been involved in a motor vehicle accident. On November 19, 2004, at record document #26, the district court granted a preliminary injunction as to Title 46, part XXVII, §307(H), but denied a preliminary injunction as to La.R.S. 37:1743. On March 29, 2006, the Fifth Circuit reversed and vacated the district court's

denial of a preliminary injunction as to La.R.S. 37:1743, and remanded the matter to the district court with instruction to grant the preliminary injunction and for further proceedings consistent with its opinion.  The Judgment was issued as a Mandate on April 21, 2006.  On August 14, 2006, at r.d. #41, this Court issued a Permanent Injunction declaring that Title 46, part XXVII, §307(H) and La.R.S. 37:1743 were unconstitutional and unenforceable.

## ANALYSIS

Pursuant to 42 U.S.C. § 1988, prevailing parties in a civil rights suit are entitled to reasonable attorney's fees as a part of the costs.  42 U.S.C. § 1988(b).  To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim, that is, some enforceable judgment against the defendant.  Farrar v. Hobby, 506 U.S. 100, 112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); Bailey v. State of Mississippi, 407 F.3d 684, 687 (5th Cir. 2005).  There is no dispute that Speaks is a prevailing party for purposes of § 1988.

The plaintiffs' motion requests the following fees and costs:

```
James F. McCarthy, Esq. . . . . . . . . . . . . .  $72,363.50
        (Attorney fees including paralegal)
Katz Teller Brant & Hild (McCarthy costs)  . . . .  $6,156.38
Ernest E. Svensen, Esq. (fees and costs) . . . .   $32,531.91
Total  . . . . . . . . . . . . . . . . . . . . .  $104,895.41
```

To determine an appropriate award of attorneys' fees and costs under § 1988, the court must calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly billing rate. Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983). The fee applicant bears the burden of establishing that the hours of work expended and the billing rate are reasonable. Once the lodestar is determined, the court must evaluate whether the lodestar is reasonable, that is, whether it should be adjusted upward or downward, by considering the factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Supreme Court has, however, greatly circumscribed the

use of the second, third, eighth, and ninth Johnson factors. Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996). Generally, these factors should be "fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment in a fee based on the number of billable hours times reasonable hourly rates." Blum v. Stenson, 465 U.S. 886, 899, 104 S.Ct. 1541, 1549 (1984). Similarly, "quality of representation" is subsumed in a reasonable hourly rate, and an upward adjustment is justified "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charges and that the success was 'exceptional'." Id. It therefore follows, as the Fifth Circuit has repeatedly emphasized, that most of the Johnson factors are reflected in the lodestar amount and cannot be used to adjust the lodestar upward or downward. Walker v. United States Dept. of Housing & Urban Dev., 99 F.3d 761, 771 (5th Cir. 1996). The lodestar is presumptively reasonable and should be enhanced or reduced only in exceptional cases. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).

*THE LODESTAR*

I.

To determine a reasonable hourly rate, the court must consider the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience and reputation, as supported by evidence in the record. Blum v. Stenson, 465 U.S. 886, 895 (1984); Green v. Administrators of the Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir. 2002); League of United Latin American Citizens # 4552 (LULAC) v. Roscoe Independent School District, 119 F.3d 1228, 1234 (5th Cir. 1997). "Satisfactory evidence of the requested rate 'should include declarations or evidence of rates actually billed and paid by plaintiff's counsel; rates charged by attorneys in similar lawsuits; and the relative skill of the attorney involved.'" White v. Imperial Adjustment Corp., No. 99-3804, 2005 WL 1578810, at *5 (E.D.La. June 28, 2005)(Englehardt, J.)(citing Henderson v. Eaton, No. 01-0138, 2002 WL 31415728, at *5 (E.D.La. Oct. 25, 2002)(Vance, J.)(citing Blum, 465 U.S. at 895-96 n.11)). An attorney's requested hourly rate is prima facie reasonable when that hourly rate is the attorney's customary billing rate, is within the range of prevailing market rates, and is not contested. Id., (citing Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995)).

Defendants challenge the hourly rates requested plaintiff's counsel. They argue that the Court should award no more than

$175.00 per hour because the "prevailing rate paid by the State of Louisiana in this district is $175." Traversal, p. 1. They claim that the rates requested are excessive and not justified for the type of work performed in this district.

### James F. McCarthy

Mr. McCarthy practices in Cincinnati, Ohio. He produced two affidavits in support of his request for fees and costs. He states that his standard hourly rates in Cincinnati for the period of this litigation are as follows:

| | |
|---|---|
| 2004 | $315.00 |
| 2005 | $335.00 |
| 2006 | $360.00 |

The hourly rates claimed for his paralegal, Ms. Jennifer Springelmeyer, are as follows:

| | |
|---|---|
| 2004 | $100.00 |
| 2005 | $110.00 |
| 2006 | $120.00 |

Mr. McCarthy is a partner/shareholder at the firm of Katz Teller Brant & Hild. In his affidavits, he explains that he has been practicing law in Ohio since 1977, and gained extensive trial experience litigating constitutional rights, civil rights and attorney's fees during 13 years as an attorney for the City of Cincinnati. Over the past four years McCarthy has litigated several cases such as this one, constitutional challenges to statutory and administrative regulations restricting the First

Amendment rights of chiropractor physicians to engage in commercial free speech.  He is admitted to practice before the United States Supreme Court, the Fifth, Sixth, Seventh, Eighth and Ninth Circuit Courts of Appeal, the United States Court of Military Appeals, the United States Tax Court and a number of United States District Courts and state courts.

In his affidavits, Mr. McCarthy states that the hourly rates charged to Dr. Speaks by himself and his paralegal are the standard hourly rates charged to "virtually all of our clients." First Affidavit, ¶5.  In addition to his own affidavits, he offered an affidavit from Bryan C. Reuter, a member of the New Orleans law firm of Stanley, Flanagan & Reuter, L.L.C., supporting Mr. McCarthy's hourly rates as "comparable to the rate charged by other out-of-town attorneys handling similar matters in this area", and supporting Mr. Svensen's hourly rates as comparable for attorneys who practice law in this district handling similar matters and consistent with his firm's rates for similar matters.

The Court surveyed cases in the Eastern District of Louisiana regarding attorney's fee awards during the last five years, to the extent possible with a focus on civil rights litigation.  In January, 2006, in <u>Decorte et al v. Jordan et al</u>, C.A.No. 03-1239, Judge Duval awarded the lead trial attorney, who

had over 20 years of experience litigating civil rights cases, $235.00 per hour, and the associate trial attorney, who had considerable but less experience, $165.00 per hour.  Judge Duval cited to several recent cases in which these same attorneys were awarded $250.00 and $185.00 per hour respectively (Bourdais v. City of New Orleans, C.A.No. 99-1434 (J. Livaudais, 2005)); $185.00 and $150.00 per hour respectively (Lala v. City of New Orleans, 161 F.Supp.2d 686 (E.D.La. 2001)(J. Livaudais); and a state court awarded $200.00 for the lead attorney (Mottin v. Lockheed Martin Corp., 900 So.2d 901 (La. App. 4th Cir. 2005)(J. Giarrusso), *writ denied* 904 So.2d 701 (La. 2005).  In Dang v. M-I Holdings, 2004 WL 2004696 (E.D.La.), Judge Porteous awarded $175.00 per hour to the lead attorney upon finding that the case was not particularly difficult.  These were all employment discrimination cases.

In Downey v. Strain, 2006 WL 1581234 (E.D.La.), a Family & Medical Leave Act case, Magistrate Judge Shushan awarded $225.00 per hour for the lead attorney who had practiced 24 years, with 19 of those years focused on civil rights employment cases, and $175.00 per hour for the associate attorney with 13 years of experience in the same type of litigation.  In Cavaretta v. Entergy Corp. Companies Benefits Plus Long Term Disability Plan, 2005 WL 1038532 (E.D.La.), and ERISA case, Judge Duval found that

$225.00 per hour was reasonable in a difficult case for an attorney with five years of experience.

Mr. McCarthy directs the Court's attention to In re Educational Testing Service Litigation, 2006 WL 2513005 at *20 (E.D.La.)(Vance, J.), in which the court stated that "the prevailing hourly rate for partner-level attorneys in this jurisdiction" was $350 per hour.  Actually, Judge Vance found that a "blended" rate of $250.00 per hour was reasonable, reflecting the $350.00 hour rate "averaged with the prevailing rate for associate-level attorneys in this jurisdiction ($150.00 per hour)."  That case, however, was a class action which settled long before trial, and in which the court calculated a rough lodestar as a cross-check for the award of attorneys fees as a percentage of (and to be paid out of) the common fund awarded to plaintiffs.  It is not comparable to the one before this Court. Judge Vance also observed that the Special Master in that case, who was "of the same caliber and experience" at the attorneys litigating the case, charged $250.00 per hour.

Clearly, Mr. McCarthy is exceptionally well qualified and experienced in his chosen area of litigation, perhaps, as he argues in plaintiffs' reply memorandum, uniquely qualified.  It is also true that the complete vindication of plaintiff's First Amendment right to commercial free speech required litigation of

a successful appeal in the Fifth Circuit.  However, this was not a case with complex or disputed facts, or for that matter, unsettled legal issues.  The appeal was straightforward, a question of the interpretation and application of the established legal issues as applied to these uncontested facts.  The Court finds that appropriate hourly rates for Mr. McCarthy are $235.00 for 2004, $250.00 for 2005, and $260.00 for 2006.

Likewise, the hourly rates requested for Ms. Springelmeyer, Mr. McCarthy's paralegal, are exceptionally high for this district.  The few cases found that involve paralegal fees suggest that reasonable and appropriate rates in this district ranged from $50.00 to $75.00 per hour.  Accordingly, the hourly rates for Ms. Springelmeyer's paralegal services are set at $65.00 for 2004, $70.00 for 2005, and $75.00 for 2006.

<u>Ernest E. Svensen</u>

Mr. Svensen practices law in New Orleans.  His Affidavit states that during the period from August 19, 2004 to February 28, 2006, he was a partner at the law firm of Gordon Arata McCollam Dupantis & Eagan LLP ("Gordon Arata"), which represented Dr. Speaks as local counsel.  During that time, his hourly rates were $225.00 and $235.00 per hour, and the costs and attorney fees billed during that time period totaled $30,517.91.  Mr. Svensen continued to represent Dr. Speaks as a solo practitioner

after he left Gordon Arata.  During his solo representation of Dr. Speaks beginning on March 1, 2006, his hourly rate was $190.00; and his fees totaled $2,014.00.  Mr. Svensen provided a billing narrative of his hours after March 1, 2006.  Mr. Svensen's affidavit does not indicate how long he has practiced law in this district, or what his area of particular expertise is.  The Court observes, however, that he has practiced long enough to have become a partner in a major law firm in New Orleans.

   Mr. Svensen also provided a billing narrative from Gordon Arata for the time period when he was a partner at the firm.  The narrative from Gordon Arata includes entries for four other named attorneys with hourly rates ranging from $140.00 to $215.00 per hour, and a legal assistant billed at $75.00 per hour.  There is no information in support of the request for attorney's fees further identifying these individuals or describing their experience and expertise.  Accordingly, the Court will consider plaintiff's request for attorney's fees to apply only to Mr. Svensen's work.

   Defendants Traversal states inaccurately that Mr. Svensen requested hourly rates of $235 per hour which later rose to $250.00 an hour, and argues that these rates are excessive and not reasonable and customary for similar work in this district.

Actually, Mr. Svensen requests rates of $225.00 until October 1, 2004, when his billing rate rose to $235.00 per hour until he left Gordon Arata. For his solo representation, he requests $190.00 an hour. A review of his billing narrative reveals that, as local counsel, he provided support and his knowledge of local procedure and customs to lead counsel, Mr. McCarthy, and consultation regarding legal and procedural issues. The Court finds that an hourly rate of $190.00 for all three years is reasonable.

II.

"To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised." Walker v. HUD, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment is usually shown by writing off unproductive, excessive, or redundant hours. Id.; Green, 284 F.3d at 662. Generally, the remedy for failure to exercise billing judgment is to reduce the hours awarded by a percentage. Id. To establish that the hours expended are reasonable:

> "[t]he party seeking attorney's fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. Hensley, 461 U.S. at 432-34, 103 S.Ct. at 1939; Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1990). The hours surviving this vetting process are those

reasonably expended on the litigation. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993). The applicant bears the burden of showing that the hours expended were reasonable, and that he exercised billing judgment. White, 2005 WL 1578810, at *9, (citing Mota v. Univ. of Tex., 261 F.3d 512, 528 (5th Cri. 2001)).

Defendants argue that the number of hours should, as a matter of course, be reduced by 15% for lack of billing judgment and to account for duplicate billing. They do not point to any particular entries as examples of failure to exercise billing judgment. Defendants also argue that it is well settled in the Fifth Circuit that attorney's travel time should be reduced by 50% because work done while traveling is not as efficient as work done in the office, citing Major v. Treen, 700 F.Supp. 1422, 1432 (E.D.La 1988).

### Mr. McCarthy

In support of his request for attorney's fees Mr. McCarthy attached a copy of his billing records with narrative entries from June 22, 2004 through August 22, 2006. Mr. McCarthy's Supplemental Affidavit argues that the number of hours should not be reduced for lack of evidence of billing judgment because given his extensive experience in this particular specialized field, he is particularly efficient and precise in his work and his billing

records reflect accurate and appropriate entries and do not warrant writing off any time.  Mr. McCarthy also points out that the defendants resisted "reasonable" settlement proposals by his client, thereby prolonging the litigation and increasing the number of hours required to litigate, and that they persisted in asserting the "unorthodox" argument that the challenged regulations were permissible "time, place and manner" restrictions, eschewing the <u>Central Hudson</u> standard used by the district court and affirmed by the Fifth Circuit.

After a careful review of Mr. McCarthy's billing records, the Court finds that no general reduction is required for lack of billing judgment, with the exceptions noted in the following discussion.  Mr. McCarthy's minimum billing increment is .10 of an hour, or 6 minute increments, which is an appropriate billing increment.  However, there are a number of entries, some for over .10 of an hour, for activities that are clerical in nature, regarding filing and scheduling issues, or document preparation.  Because this work is not legal in nature, the following hours billed will be reduced by 25%: 5.90 hours in 2004; 2.70 hours in 2005, and 1.50 hours in 2006.

Mr. McCarthy argues that his travel time should not be reduced because he spent that time reviewing memoranda and cases cited by the defendants, therefore the time was not less

productive.  With two exceptions, his billing records reflect that he did work while traveling.  On August 10, 2004, Mr. McCarthy billed 10 hours at his full hourly rate, including 6 hours of travel time to and from Dallas to meet with his client, which, according to the billing narrative, he spent reviewing pleadings, regulations, case law, and revising Dr. Speaks' Supplemental Declaration.  Mr. McCarthy spent 7 hours on December 4, 2005, traveling to Austin for oral argument before the Fifth Circuit.  His billing narrative reflects that he read case law for the oral argument during that trip.  These hours will not be reduced.  On December 7, 2004, his billing records show 3.50 hours spent on his return trip, without any narrative regarding work.  Those hours will be reduced by 50% to 1.75.  On June 21, 2006, Mr. McCarthy traveled to New Orleans for a conference with the district judge.  His billing narrative for the 5.90 hours of travel indicate that he read the Court of Appeals decision during his trip.  Reading the Court of Appeals decision in this case could only take 15 to 30 minutes at the most, and does not justify an award of the full hourly rate for 5.90 hours of travel time.  The 5.90 hours are reduced by 50% to 2.95 hours.  Finally, on June 22, 2006, Mr. McCarthy billed 6.20 hours.  His billing narrative states that on that day, he attended the conference with the district court, and conferred with Mr. Svensen regarding

strategy, and traveled to home.  The conference with the district court took no more than 30 minutes, and the strategy conference with Mr. Svensen could not have taken more than one hour, leaving 4.70 hours of travel time.  The travel time is reduced by 50% to 2.35 hours.

<u>Ernest Svensen</u>

During 2006, when Mr. Svensen was a solo practitioner, his minimum billing increment was .10, or 6 minutes.  The majority of the entries for this time period from March 29 through July 31, 2006, for 4.30 hours, were for items such as review of the file, the bill of costs for the appeal, the mandate, and for telephone conferences and correspondence regarding scheduling and procedural matters, and for updating case notes and the status sheet.  Because these are largely clerical or housekeeping matters and not legal work, the 4.30 hours will be reduced by 25%.

From August 18, 2004 to January 9, 2006, Mr. Svensen billed as a partner at Gordon Arata.  The billing records reflect that the firm billed Mr. Svensen's time in increments of .25 of an hour, or 15 minutes for the briefest billing period, twenty-one times.  For instance, during January, 2005, Mr. Svensen billed .25 of an hour for telephone conferences with associates regarding such things as case status or scheduling, or review of

correspondence prepared by associates at the firm, on the 7th, 10th, 12th, 17th, 18th, 28th and 29th, when those activities likely took considerably less time. The Court will reduce by 15% the hours claimed by Mr. Svensen for the period from August 2004 to January 9, 2006, for general lack of billing judgment. On December 5, 2005, there is a duplicate entry of 2.50 hours for the same described work. The final total of hours allowed will be reduced by 2.50 hours to eliminate the duplication.

### III.

The lodestar calculation is as follows:

Mr. McCarthy:

```
    2004      $235.00 X 93.53 hours =  $21,979.55
    2005      $250.00 X 89.88 hours =  $22,470.00
    2006      $265.00 X 21.53 hours =  $ 5,705.45
                                       $50,155.00
```

Ms. Springelmeyer:
```
    2004      $65.00 X 1.50 hours  =  $    97.50
    2005      $70.00 X 5.60 hours  =  $   392.00
    2006      $75.00 X  0   hours  =       00.00
                                      $   489.50
```

Mr. Svensen:
```
    2004-2006 $190.00 X 58.12 hours = $11,042.80
```

Mr. McCarthy suggests that upon application of the <u>Johnson</u> factors, he would be entitled to an enhancement of his fee application although he is not requesting one. The Court finds that both counsel's expertise and experience is adequately reflected by the lodestar calculation, and no enhancement is

-17-

appropriate pursuant to an examination of the Johnson factors.

### COSTS

Pursuant to Fed. R. Civ. P. 54(d), costs other than attorneys fees are allowed "as of due course" to the prevailing party. Raspanti v. United States Dept. Of the Army, 2001 WL 1081375, *12 (E.D.La.)(Wilkinson, M.J.). Katz Teller Brant & Hild (McCarthy) request $6,156.38 in costs, including long distance charges, copy/print costs, travel expenses, courier service costs, computer research costs, and a miscellaneous charge for "Librarian, U.S. Court of Appeals". Mr. Svensen requests $928.55 in costs for the period of time that Gordon Arata represented plaintiff, including automated research costs, long distance telephone expenses, postage and copy costs, one charge for Federal Express courier, and the filing fee for the Notice of Appeal, Clerk of U.S.D.C., Eastern District of Louisiana.[1]

In Crawford Fitting Company v. J.T. Gibbons, Inc., 107 S.Ct. 2494 (1987) the United States Supreme Court observed that "Title 28 U.S.C. § 1920 now embodies Congress' considered choice as to

---

[1] Defendants point out that counsel provided no receipts or other documentation regarding the claimed costs, and should not be reimbursed for those costs because the court cannot determine whether they were reasonably expended. Mr. McCarthy attached a number of receipts for travel expenses and courier costs to his Supplemental Affidavit. The argument and the evidence of the receipts is immaterial as travel expenses and courier costs are not allowed.

the kinds of expenses that a federal court may tax as costs against the losing party[.]" Id. at 2497; Raspanti, *12.  Those include the following:

(1) fees of the clerk and marshal;
(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) fees and disbursements for printing and witnesses;
(4) fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) docket fees under section 1923 of this title;
(6) compensation of court appointed experts or interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

Id.

Plaintiff's counsel will not be compensated for long distance telephone, postage, courier, travel, automated legal research, or miscellaneous costs, as those costs are not allowed by § 1920.  *Accord* Raspanti, at *14; Dang v. M-I Holdings, L.L.C., 2004 WL 2004696, *3 (E.D.La.)(Porteous, J); Guidry v. Jen Marine, LLC, 2003 WL 23095590, *9 (E.D.La)(Roby, M.J.).

Both attorneys requested costs for copies.  As explained by Magistrate Judge Wilkinson in Raspanti:

> The cost of copies of papers may be taxed under §1920(4) if "necessarily obtained for use in the case."  Copies may be deemed necessary even if not used in trial of the matter.  Consequently, in order for copies to be taxable in a case, the *party seeking to tax the cost must show some evidence of necessity.*  Photocopying costs for the convenience, preparation, research, or

records of counsel may not be recovered. Raspanti, at *14, (emphasis in original)(citing Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994), other citations omitted). Gordon Arata's itemization simply identifies "copy expense", and Katz Teller Brant & Hild's itemization identifies only "copy/print" costs. Neither has provided enough information to show that the copies were necessarily obtained for use in the case rather than for convenience, preparation, research or records of counsel which may not be recovered. See Raspanti, id.

Gordon Arata is entitled to $255.00 in costs, the filing fee for the Notice of Appeal, Clerk of U.S.D.C., Eastern District of Louisiana.

Accordingly,

**IT IS ORDERED** that plaintiff Kirtland Speaks is entitled to taxation of attorneys' fees and costs as follows:

```
Attorney's fees:   James F. McCarthy, III . . .  $50,155.00
                   Ms. Springelmeyer  . . . . . .     489.50
                   Ernest E. Svensen  . . . . . .  11,042.80
Costs:             Gordon Arata . . . . . . . .  $    255.00
TOTAL:                                            $61,941.30
```

New Orleans, Louisiana, this  20th  day of November, 2006.

_____
MARCEL LIVAUDAIS, JR.
Senior United States District Judge